# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**FREDDIE WILSON,**

    **Plaintiff,**

vs.                                                           **Case No.  4:20cv117-RH-MAF**

**CONSUMER FINANCIAL**
**PROTECTION BUREAU,**
**and ALLY FINANCIAL,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, to this Court on February 28, 2020, along with an in forma pauperis application, ECF No. 5.  That motion was granted, and Plaintiff's complaint was reviewed to determine if it was sufficient for service of process.  ECF No. 6.  Because it was not, an Order was entered advising Plaintiff of the various deficiencies with his initial complaint, ECF No. 1, and requiring him to file an amended complaint by April 13, 2020.  ECF No. 6.  As of this date, Plaintiff has not complied and it appears that he has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2020.

 S/   Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv117-RH-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.